## John D. Casey, Administrator, Appellee, v. Knickerbocker Ice Company, Appellant.

### Gen. No. 18,900.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. WIL-
LIAM E. DEVER, Judge, presiding. Heard in this court at the Octo-
ber term, 1912. Affirmed. Opinion filed March 9, 1914.

### Statement of the Case.

Action by John D. Casey, administrator of the estate
of Wilmer Eberl, deceased, against Knickerbocker Ice
Company to recover for the wrongful death of said Wil-
mer Eberl, a fourteen-months-old child, due to the neg-
ligence of a driver in defendant's employ in running
over the child while playing in a public street. From
a judgment for plaintiff for one thousand seven hun-
dred dollars, defendant appeals.

QUIN O'BRIEN and O. A. ARNSTON, for appellant;
JOHN P. MCKINLEY, of counsel.

ELMER & COHEN, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the
court.

### Abstract of the Decision.

1. LIMITATION OF ACTIONS, § 69*—*when amendment does not
state a new cause of action.* - In an action for the wrongful death
of a fourteen-months-old child, an amendment changing the aver-
ment that the child was in the exercise of due care for her safety,
to an averment that the parents were in the exercise of such care,
does not state a new cause of action so as to be barred by the
statute of limitations.

2. APPEAL AND ERROR, § 369*—*when change of theory not per-
mitted on appeal.* In an action for the wrongful death of a four-
teen-months-old child where the case was tried upon the theory
that the question of contributory negligence involved solely the
conduct of one or other or both of the parents, defendant cannot,

*See Illinois Notes Digest, Vols. XI to XV, same topic and section number.

for the first time, contend on appeal that plaintiff was not entitled to recover because of the absence of an averment that an older sister of the child, in whose care it was at the time of the accident, exercised due care for the safety of the child while in her custody.

3. ROADS AND BRIDGES, § 232*—*when owner of vehicle liable for killing child playing in street.* Where a fourteen-months-old child, in the custody of a nine-year-old sister, while playing with other children about a sand pile in a public street was run over and killed by a team driven at a fast trot on the wrong side of the street, the driver of which paid no heed to warning cries of persons in the street, and knew nothing of the accident until his horses were stopped by a pedestrian about seventy-five feet from the scene of the accident, a verdict for plaintiff was *held* to be sustained by the evidence.